EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELOY BOSCH, acusado y apelante.

No. 4579.—*Sometido:* Diciembre 17, 1931. *Resuelto:* Enero 26, 1932.

*Pedro M. Porrata,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

 Está vacante el cargo de uno de los jueces de este Tribunal Supremo y como de los otros cuatro dos opinan por la confirmación de la sentencia y los otros por su revocación, quedará subsistente la sentencia de la corte inferior en la forma que fué dictada. *Saldaña* v. *Concejo Municipal de San Juan,* 15 D.P.R. 37.

 Esta es una apelación contra sentencia que condena por delito de portar arma prohibida.

El apelante era en 4 de julio de 1930 celador o vigilante de la Central Matilde, radicada en el distrito judicial de

Ponce, la cual se halla dividida por una carretera pública insular. En dicho día estaba el apelante en esa carretera y portaba un revólver. Según la prueba del fiscal en el juicio, una persona avisó al apelante que habían dos hombres cortando yerba sin permiso en la hacienda Matilde; y, según declaró el apelante, al tener ese aviso fué a la carretera donde encontró los dos hombres con un saco de yerba y tuvieron unas palabras siendo herido por uno de ellos. Aceptó que entonces portaba un revólver.

Como se ve, la culpabilidad del apelante por dicho delito es clara. Sin embargo, sostiene en un extenso y cuidadoso alegato que no debe ser castigado por la portación del arma porque si bien tenía el revólver en una carretera pública podía llevarlo sin responsabilidad porque estaba en la averiguación o persecución de un delito de hurto cometido en la finca de cuya guarda estaba encargado y que con tal fin podía continuar por otros sitios la persecución de los delincuentes sin cometer el delito por el cual se le condena.

No estamos conformes con esa teoría del apelante por no estar sostenida por la ley, pues el apartado 5 del artículo 5 de la Ley No. 14 de 1924 sólo autoriza la portación de armas en la propia casa o finca, y el apelante estaba en un sitio público. *El Pueblo* v. *Piña,* 41 D.P.R. 762. Al decir la ley que ella no será aplicable a la portación de armas dentro de la propia casa o finca fijó así un límite territorial dentro del cual pueden tenerse sin responsabilidad y excluyó, consiguientemente, los demás sitios.

También hace referencia el apelante al No. 1 del artículo 5 de dicha ley, según el cual tampoco será aplicable la prohibición de portar armas a la portación de los útiles, herramientas e instrumentos de las artes, profesiones, oficios y ocupaciones o deportes cuando se portaren con motivo u ocasión de los mismos; pero el revólver no está comprendido entre los instrumentos, útiles o herramientas de las profesiones, artes u oficios, pues por su naturaleza ha sido

construído para fines de ofensa o defensa y no para ninguno de los fines especificados en el apartado citado de la ley, estando prohibido su uso excepto a las persónas que relaciona el artículo 6 de la ley, entre las cuales no se halla el apelante.

Estoy autorizado para decir que el Juez Presidente Sr. del Toro está conforme con esta opinión.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Hutchison disintieron.*